
DA 12-0122

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 275

JASON LePROWSE,

        Petitioner and Appellee,

  v.

BRENETTE GARRETT, and MINOR CHILD,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
                    In and For the County of Butte/Silver Bow, Cause No. DR-08-251
                    Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Tracey L. Morin, Tracey L. Morin Law Firm, PLLC, Missoula, Montana

        For Appellee:

                Ann M. Shea, Shea Law Office, PLLC, Butte, Montana

                           Submitted on Briefs:  September 19, 2012

                                     Decided:  December 4, 2012

Filed:

              _____
                              Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1       Brenette Garrett and Jason LeProwse are the biological parents of a nine-year-old daughter, T.G.  In September 2011, Silver Bow County Justice Court issued a temporary order of protection (TOP) against LeProwse pursuant to § 40-15-201, MCA.  Shortly thereafter, the Justice Court case was removed to the Second Judicial District Court where the parties had been involved in a parenting action since 2008.  The District Court held a hearing on the TOP in October 2011 at which it heard considerable testimony from numerous witnesses.  In January 2012, it issued its Findings of Fact, Conclusions of Law and Order dissolving the TOP.  Garrett appeals.  We dismiss Garrett's appeal without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2       T.G. was born in early 2003.  It appears the parents separated some time during the pregnancy.  During T.G.'s first year, LeProwse was involved in the child's life; however, when T.G. was approximately one year old, Garrett filed for, and was granted, a temporary restraining order against LeProwse.  The TRO was based upon Garrett's claim that LeProwse made threatening phone calls and left threatening messages on her answering machine in which he threatened to kill her and T.G.

¶3       In 2005, Garrett had the TRO dissolved stating she no longer was in fear of LeProwse.  Between November 2005 and August 2008, LeProwse was allowed visitation with T.G.  In 2008, LeProwse filed a Petition to Establish Parenting Plan in the Second

Judicial District Court, Cause No. DR-08-251.[1]  LeProwse also notified Garrett of his impending remarriage.  Shortly thereafter, Garrett claimed she received additional threats from LeProwse and reported those threats to the police, who, in turn, "would not make a report."  Garrett last allowed LeProwse to see T.G. "outside of therapy" in August 2008.  In or around May 2009, Garrett filed a petition to terminate LeProwse's parental rights in the Second Judicial District Court under a separate cause number, DA-09-11, assigned to Judge Brad Newman.  Judge Krueger stayed the proceeding on LeProwse's parenting plan petition until Cause No. DA-09-11 was resolved by dismissal in September 2009.

¶4      In May 2011, LeProwse sent Garrett a text message wishing T.G. luck in a dance recital and implying that he would be in attendance.  Garrett interpreted the text message as a threat.  On September 19, she sought, and received from the Silver Bow Justice Court under Cause No. CV-11-1454, the temporary order of protection at issue in this case.  The order stated it was to remain in effect until October 9, 2011.  However, on September 23, 2011, LeProwse moved to have Cause No. CV-11-1454 removed from Justice Court to the District Court.  Thus, Cause No. CV-11-1454 was essentially merged with District Court Cause No. DR-08-251, the parenting plan matter.  The District Court subsequently ordered that the TOP remain in effect until a hearing was conducted.[2]

---

[1] Cause No. DR-08-251 was initially assigned to Judge Kurt Krueger who presided over the case until July 25, 2011.  Judge Brad Newman took the case and presided until he recused himself on August 22, 2011, at which time Judge Ray Dayton was assigned the case.

[2] Section 40-15-202, MCA, requires that an order of protection show cause hearing be conducted within 20 days from the date the court issues a TOP but may be continued by the parties for good cause shown.

3

¶5    On October 31, 2011, the District Court held an order of protection hearing. At this hearing the court heard testimony from T.G., Garrett, LeProwse, and T.G.'s pediatrician, psychiatrist, psychologist, former counselor and current counselor, among others. In its order, the court summarized the testimony of each witness and concluded that the testimony and evidence did not support a finding that LeProwse represented an imminent threat to Garrett or T.G. The court also concluded that the threats from 2003, 2004 and 2008 are "too remote in time to be considered threats of imminent harm." Notably, the court expressly observed that much of the testimony presented during the hearing focused on whether LeProwse should have parenting time with the minor child and that such testimony "goes beyond the scope of an order of protection hearing." The District Court therefore dissolved the TOP, reserving the parenting plan petition for another day. Garrett appeals.

## ISSUE

¶6    The dispositive issue on appeal is whether the District Court's order dissolving the temporary order of protection is an appealable order at this time.

## DISCUSSION

¶7    There is no argument on appeal challenging the District Court's jurisdiction over the TOP hearing or its authority to issue an order under § 40-15-202(1), MCA. Rather, Garrett argues on appeal that the District Court abused its discretion by dissolving the TOP, and LeProwse counters that the court correctly dissolved the protection order. LeProwse also argues, however, that the District Court's order dissolving the TOP is an interlocutory order that is not appealable at this time.

4

¶8     Montana Rule of Appellate Procedure 6 (Rule 6) sets forth what a court may review upon appeal and states:

> (1)   A party may appeal from a final judgment in an action or special proceeding and from those final orders specified in sections (2), (3), and (4) of this rule. Upon appeal from a final judgment entered in an action or special proceeding in a district court, this court may review the judgment, as well as all previous orders and rulings excepted or objected to which led to and resulted in the judgment.
>
> .   .   .
>
> (3)   Orders appealable in civil cases. In civil cases, an aggrieved party may appeal from the following, provided that the order is the court's final decision on the referenced matter:
>
> .   .   .
>
> (e)   From an order granting or dissolving, or refusing to grant or dissolve, an injunction or an attachment . . . .

¶9     LeProwse argues that the District Court's order dissolving the TOP is not "the court's final decision on the referenced matter," as required by Rule 6, and therefore is not appealable at this time.  He notes that upon dissolving the TOP, the District Court acknowledged that the underlying parenting plan proceeding was not resolved, when it instructed the parties to work on an interim parenting plan.  LeProwse also challenges the applicability of Rule 6(3)(e)—which addresses dissolving *injunctions*—to the case before us.   Relying on extra-jurisdictional authority, he argues that a temporary order of protection is not equivalent to an injunction and as such is not appealable in the same manner as is an order dissolving an injunction.

¶10    Citing *Schiller v. Schiller*, 2002 MT 103, ¶ 24, 309 Mont. 431, 47 P.3d 816, Garrett argues that the standard of review set forth in *Schiller*, i.e., "[t]he decision to

5

continue, amend or make permanent an order of protection is for the District Court to determine, and we will not overturn its decision absent an abuse of discretion," establishes that changes to a TOP are appealable issues. We do not disagree with Garrett that an order granting, amending or dissolving a TOP is appealable. We conclude, however, as argued by LeProwse, that such an order may be appealed only if it is the final judgment or order entered in an action. In other words, if the cause of action is a stand-alone TOP action, then an order changing the TOP would be immediately appealable, as it would constitute the final judgment in the matter. If a TOP is not the only issue before the district court, as in the case before us, an order changing a temporary order of protection is not appealable until the case has been fully resolved and a final judgment has been issued. M. R. App. P. 6(1).

¶11 Although the Opinion is somewhat unclear, it appears in *Schiller* that the parties had one cause of action pertaining to a TOP before the Eighteenth Judicial District Court and a separate cause of action for marital dissolution pending before the same court. It was this procedural anomaly that allowed this Court to rule on the appeal of the TOP because it was the only issue in that particular cause of action. In the case before us, a final decision and resolution of all issues raised in Cause No. DR-08-251 has not yet been rendered. Until such time as final resolution occurs, the order dissolving the TOP is not immediately appealable.

¶12 On appeal, LeProwse also seeks attorney fees for a frivolous appeal under M. R. App. P. 19(5). We conclude that Garrett's appeal was based on reasonable grounds

6

and was not frivolous or vexatious. Therefore, we deny LeProwse's request for attorney fees.

**CONCLUSION**

¶13     Based upon the foregoing, we dismiss Garrett's appeal without prejudice.


                                    /S/ PATRICIA COTTER



We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE